UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES ARTHUR BLAKEMORE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-0223 JMB |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. The motion will be granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action alleging violations of his civil rights during his incarceration as a pretrial detainee in the St. Louis County Detention Center. He asserts that he was sexually assaulted at the Detention Center, and he names as defendants the State of Missouri and Prosecuting Attorneys Elizabeth Hanson and Unknown Ms. Nye.

Plaintiff generally asserts that "prosecutors are held to higher standards." He asserts that he exhausted his administrative grievances by "confession of matter" of "rape of inmate James Arthur Blakemore, III, while unlawful detained for 352 days and abuse of process with state." Plaintiff also mentions that he believes his rights under the Prison Rape Elimination Act ("PREA") have been violated, but he has not provided the Court with any factual allegations surrounding his conclusory claim.

In plaintiff's request for relief, he seeks "remedies for all violations and punitive damages paid to victim for all crimes committed by government officials. . ." Plaintiff seeks "approximately 6 billion or more for injuries."

## Discussion

Although it appears that plaintiff may have been harmed in some way during his incarceration in the St. Louis County Detention Center, plaintiff has not articulated exactly how

the **State of Missouri**[1] and the defendant **prosecutors** purportedly violated his Constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

To the extent plaintiff is attempting to bring a failure to protect claim against an individual at the Detention Center, he has failed to identify exactly who failed to protect him from attack by another inmate and that the alleged defendant was aware of facts from which they could infer the existence of a substantial risk of serious harm to him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994).

Additionally, if plaintiff is merely attempting to state that the prosecutors were wrong in bringing a case against him such that he should not have been in the Detention Center to begin with, his claim is legally frivolous, as the prosecutors are entitled to absolute immunity when they are acting as advocates for the State of Missouri in a criminal prosecution. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

Last, to the extent that plaintiff is attempting to sue defendants under the PREA, the complaint is legally frivolous. The PREA "does not create a right of action that is privately

---

[1] The State of Missouri is absolutely immune from liability under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

3

enforceable by an individual civil litigant." *E.g., LeMasters v. Fabian*, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq*. The statute does not grant prisoners any specific rights.").

In light of the aforementioned, plaintiff's complaint is subject to pre-service dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc No. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal shall not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of February, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE